HAMITER, Justice (dissenting in part and concurring in part).

Since the record fails to affirmatively show that defendant (the wife) did not establish the requisite domicile in Las Vegas, the presumption that the Nevada court had jurisdiction in her divorce action of the subject matter and the persons has not been overcome. I am of the opinion, therefore, that defendant's Nevada divorce decree should be recognized and given full faith and credit in this cause. Otherwise, I concur in the holding of the majority.

80 So.2d 868

Vera Miller **DE LOACH**

v.

Wiley **DE LOACH.**

No. 41435.

April 25, 1955.

Rehearing Denied May 23, 1955.

Blum & Marchand, Donaldsonville, Weber & Weber, Baton Rouge, for defendant-appellant.

Miriam Attaya, Donaldsonville, for plaintiff-appellee.

PONDER, Justice.

The defendant, husband, has appealed from a judgment rendered in a suit for

separation from bed and board awarding the plaintiff, wife $150 per month for her support and that of two minor children.

It appears that there were three children born of the marriage between the plaintiff and the defendant and that the custody of one of the children, a boy aged eighteen, was awarded to the defendant, husband, and the custody of the two other children, a girl and a boy whose ages respectively are twenty and eleven, was given to the plaintiff, wife. The defendant's take home pay amounted to $374.26 and the wife is presently unemployed. The husband lives in Donaldsonville and the wife resides in Baton Rouge. The community owns a dwelling house in Baton Rouge which is rented for $50 per month. It appears that the wife received $25 per month from the rent of this house for two months and that the husband is now receiving the entire amount of the rent which added to his take home pay gives the husband an income of $424.26 a month.

The husband filed a list containing certain payments due and owing by him on a car, a washing machine, a refrigerator, rent, food, maid service, laundry, utilities and hospital insurance totaling $330.87. He contends that these amounts should be deducted from his income before considering the amount of alimony that he should pay. The testimony shows that the wife is presently living with a friend but will have to make arrangements for a place for herself and the children to reside.

We cannot say from the evidence in this case that the lower court was in error in fixing the amount of alimony pendente lite for the support of the wife and two children at $150 per month. We cannot see why the husband should be given credit for living expenses and the wife and the two children should not be accorded the same privilege. The living expenses are just as essential to them as it is to the husband and the other child. It is sufficient to say that we have examined the evidence in this case and do not feel warranted in disturbing the discretion vested in the trial judge in fixing the award of alimony.

For the reasons assigned, the judgment is affirmed at appellant's cost.